**E-FILED**
Friday, 16 September, 2011 05:51:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOHN BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 11-CV-3326 |
| ) | |
| SANDRA GOINGS et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff John Barnett, proceeding *pro se* and currently incarcerated in Western Illinois Correctional Center, alleges that he is being discriminated against because of his 14-year-old sex offense conviction. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such

1

process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ". A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative

level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, *pro se* pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff appears to allege that he is being discriminated against because of his conviction on a sex offense 14 years ago. The discrimination allegedly arises from the refusal to find him a "host site" when he is scheduled for parole,[1] and the denial of his requests for a prison job. He contends that his conviction is not properly considered in these decisions.

---

[1] According to the IDOC's website, Plaintiff's projected parole date is December 4, 2011. www.idoc.state.il.us

An exhibit to the Complaint sets forth the reasons why Plaintiff will not be offered a host site:

> There is no place for a sex offender to parole if you are homeless. Currently there are no halfway house beds available anywhere in the state that IDOC will approve for a registered sex offender. In order to be released on your out date, you must provide the address of family or friends that can be approved by IDOC. If you do not provide a site that can be approved, <u>you will be violated at the door.</u>

(d/e 1-1, p. 4)(emphasis in original).

It thus appears that, if Plaintiff does not find an acceptable host site on his own, Plaintiff will not be paroled. He appears to contend that the refusal of IDOC to find a host site for him because he is a registered sex offender amounts to irrational discrimination against him.

Plaintiff also alleges that he has been denied prison jobs and work camps because of his sex offense. He argues this is also discrimination and violates prison policy and a state law that purportedly prohibits a conviction more than ten years old from being considered.[2]

---

[2] Plaintiff does not cite the law, but he may be referring to an evidentiary rule regarding the admission of older convictions.

## ANALYSIS

Plaintiff's claim regarding his host site is effectively a claim that he should be released on parole to an IDOC-approved halfway house when the time comes. "Attacks on the fact or duration of confinement come under [28 U.S.C.] § 2254." Williams v. Wisconsin, 336 F.3d 576, 579 (7th Cir. 2003). 28 U.S.C. § 2254 is the federal statute governing writs of habeas corpus for state prisoners. Parole conditions are considered "confinement" and thus must also be challenged through the habeas corpus route, not through a civil rights action for damages. Id. Plaintiff's challenge is essentially a challenge to the parole condition that he find an approved family or friend as his host site. Thus this claim may proceed in federal court only as a habeas corpus claim, if it can proceed at all.

The court cannot simply convert the claim into a habeas corpus action, because doing so may cause unintended adverse consequences for Plaintiff. Habeas corpus actions come with their own specific requirements and procedures. For example, exhaustion of state remedies is typically required before a federal habeas action may be filed, and

5

prisoners are generally limited to seeking habeas corpus only once. See 28 U.S.C. § 2254(b)(1)(A); Rules Governing § 2254 Cases, Rule 9. This claim will therefore be dismissed without prejudice. The Court states no opinion on the merit of a possible habeas claim, but does note for Plaintiff's benefit that, in this context, the Equal Protection Clause of the U.S. Constitution would only prohibit unequal treatment of Plaintiff based on his sex offender status if that treatment bore no rational relation to a legitimate government interest. *See* May v. Sheahan, 226 F.3d 876, 882 (7th Cir. 2000)(equal protection clause "requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest."). Additionally, a violation of prison policy or state law does not, by itself, violate the U.S. Constitution. Guarjardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010)("[A] violation of state law is not a ground for a federal civil rights suit.")

As to Plaintiff's claim that he is being denied a prison job because of his sex offense, there is not enough information to determine whether Plaintiff states a plausible claim. He attaches letters addressed to the

"job placement office" and to "field services A. Cross", but the "job placement office" is not a person who can be sued under 42 U.S.C. § 1983, and no plausible inference arises that a field services employee would have any control over Plaintiff's prison job assignments. Plaintiff will be given an opportunity to file an amended complaint explaining when and to whom he made his job requests, and explaining why he believes that he has not been given a job because of his sex offense. Plaintiff will not be able to pursue his job claim unless he has exhausted his administrative remedies. 42 U.S.C. § 1997e(a). That means filing a grievance about the job denials and appealing all the way to the Administrative Review Board. The grievance attached to the Complaint involves only the parole issue, not the job denials. Plaintiff should also be aware that, as discussed above, a claim of unlawful discrimination under the Equal Protection Clause of the U.S. Constitution requires a plausible inference that the job denial was not rationally related to a legitimate government objective.

IT IS THEREFORE ORDERED:

1.     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court dismisses without prejudice Plaintiff's claim regarding the alleged refusal to find him a host site for parole.

2.     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court dismisses without prejudice Plaintiff's claim regarding the denial of a prison job.  By October 7, 2011, Plaintiff may file an amended complaint regarding his job claim, identifying the persons he asked for a job, the dates he asked for a job, the responses to his requests (if any), and why he believes that his sex offender status is the reason he has no job.

3.     If Plaintiff does not file an amended complaint by October 7, 2011, this case will be dismissed without prejudice.

ENTERED:   September 16, 2011

FOR THE COURT:

s/Sue E. Myerscough

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE